UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA G. CAMPBELL,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 13-10074

Paul D. Borman
United States District Judge

Michael Hluchaniuk
United States Magistrate
Judge

OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S FEBRUARY 17, 2014 REPORT AND RECOMMENDATION (ECF NO. 21); (2) DENYING PLAINTIFF'S OBJECTIONS (ECF NO. 22); (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 14); and (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 19)

This matter is before the Court on Plaintiff's Objections to Magistrate Judge Michael Hluchaniuk's February 17, 2014 Report and Recommendation. (ECF No. 22, Objections, ECF No. 21, Report and Recommendation.) Defendant filed a response to Plaintiff's Objections. (ECF No. 23.) This Court reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant to 28 U.S.C. § 636(b)(1), the Court ADOPTS the Report and Recommendation, DENIES Plaintiff's Objections, DENIES Plaintiff's Motion for Summary Judgment (ECF No. 14), GRANTS Defendant's Motion

1

for Summary Judgment (ECF No. 19) and AFFIRMS the decision of the Commissioner.

**I.     BACKGROUND**

The Administrative Law Judge's ("ALJ") findings and pertinent portions of the Administrative Record are adequately set forth in the Magistrate Judge's Report and Recommendation and the Court adopts them here. (ECF No. 21, Report and Recommendation 3-23.) Where necessary to address Plaintiff's Objections, the Court cites to other portions of the Administrative Record.

**II.    STANDARD OF REVIEW**

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). Substantial evidence includes any relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). "If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id*. (quoting *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court: "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Specific objections enable the Court to focus on the particular issues in contention. An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Id.* Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Id*.

### III.   ANALYSIS

#### A.   Plaintiff's First Objection: The Magistrate Erred in Factoring All of Plaintiff's Severe Impairments

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly determined that Plaintiff's left knee impairment was not severe. The Magistrate Judge correctly noted that the Administrative Record demonstrates that Plaintiff's treating physician, Dr. Higginbotham, consistently mentioned in his records Plaintiff's complaints of pain in her right knee, not her left

3

knee, and only beginning in 2010 did notations begin to appear noting "mild arthrosis" in her left knee. (Report at 12; *see, e.g.* Tr. 644-45, 595-97.) The treating physician's records focus on the internal derangement of Plaintiff's right knee, intermittent swelling of right knee, pain in front of right knee, right knee aching, stiffness. The report concludes "bilateral knee pain" but notes that the Plaintiff reported greater pain on the right than the left. The report notes "pain in the left knee," and "right knee difficulty standing and walking." The report notes MRI evidence of changes consistent with a bucket handle tear of the lateral meniscus of the right knee. (Tr. 676-78.) Even the non-medical single decision maker report, which Plaintiff argues that the ALJ improperly ignored in other respects, refers consistently to problems with Plaintiff's right knee. (Tr. 507, 511.) Dr. Higginbotham's assessment notes that limitations on standing and walking, as well as the need for breaks during the day, are "at Plaintiff's discretion," with no need for an assistive device for walking or standing. (Tr. 678.) The report concludes that Plaintiff is capable of performing a full time job, 8 hours per day, 5 days per week, which allowed her to sit and stand alternatively at her own discretion with a permanent restriction against prolonged standing and limitations on kneeling, stooping, squatting, climbing ladders and walking at unprotected heights. (Tr. 679.)

Plaintiff argues in her Objections that "[o]bviously, a bilateral lower extremity impairment, as opposed to one extremity, would have a greater impact on one's ability to stand and or walk . . . ." (Objs. 3.) There is no medical evidence in the record to support Plaintiff's subjective assessment of her own limitations, as indicated by Plaintiff's own treating physician's assessment. The Court agrees with the Magistrate Judge that there was substantial evidence in the record to support the ALJ's exclusion of Plaintiff's left knee impairment as severe at step two.

Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ's failure to include

4

Plaintiff's left knee pain as a severe impairment at step two requires remand because the ALJ did not consider Plaintiff's left knee pain at all in arriving at his physical residual functional capacity (RFC) assessment. Even assuming that Plaintiff's left knee mild arthrosis was a severe impairment, the Court finds that the Magistrate Judge correctly concluded that the omission of this impairment from the step two findings does not warrant remand because the ALJ found other impairments that met the criteria for severity at step two, proceeded to step three, considered the evidence as a whole, which included the treating physician's medical assessment of Plaintiff's knee pain, and accounted for this impairment in his RFC. (Report at 30.) The Magistrate Judge correctly observed that the omission of an impairment at step two is of "little consequence" if the ALJ ultimately considers "all impairments, severe and non-severe," in crafting the RFC. *See Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003)). (Report at 30.) The ALJ expressly stated that he relied upon Dr. Higginbotham's medical assessment, which included the statements regarding Plaintiff's left knee and bilateral knee pain. (Tr. 22, ALJ Op. 8.) "'[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'" *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)). "[U]nless there is reason to believe that remand might lead to a different result," the failure to explicitly mention a piece of evidence does not merit a remand. *Id*. at 302. There is no evidence to support the contention that the ALJ did not consider the record as a whole, and specifically the medical notes regarding Plaintiff's left knee pain, in arriving at his RFC determination, which explicitly accounted for the lower extremity pain with the sit/stand option, consistent with Plaintiff's treating physician's assessment. "[A]n ALJ does not commit harmful error by excluding an impairment at step two so long as the ALJ finds other severe

5

impairments and then considers the limiting effects of the excluded impairment at steps three through five." *Boley v. Comm'r of Soc. Sec.,* 11-cv-15707, 2013 WL 1090531, at *3 (E.D. Mich. Mar. 15, 2013). The Court denies Plaintiff's Objection and adopts the Magistrate Judge's recommendation to reject Plaintiff's step two arguments regarding the ALJ's consideration of her left knee pain.

### B.   Plaintiff's Second Objection: The ALJ's Credibility Assessment

Plaintiff objects that the Magistrate Judge erroneously concluded that the ALJ had accurately assessed Plaintiff's credibility. "[T]he ALJ's opportunity to observe the demeanor of the claimant is invaluable, and should not be discarded lightly." *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981) (internal quotation marks and citation omitted). The Court agrees with the Magistrate Judge's conclusion that Plaintiff has failed to demonstrate a compelling reason to disturb the ALJ's credibility findings. Most notably, while Plaintiff complains that the ALJ ignored the medical evidence in arriving at his RFC, the ALJ in fact relied upon the opinions of Dr. Higginbotham, Plaintiff's treating physician, in reaching his RFC. Plaintiff maintains that the ALJ should have ignored the assessment of Plaintiff's own treating physician as to her limitations and instead should have adopted Plaintiff's own subjective assessment of her limitations. The ALJ considered Plaintiff's treatment history for her alleged impairments, including the evidence that her treatment was conservative, that her physical therapy was helping and that she was advised regarding her obesity and prescribed an appetite suppressant. (Tr. 591.) Moreover, the ALJ's finding that Plaintiff was able to conduct daily living activities and manage her personal needs was sound, despite Plaintiff's revisionist attempt to further limit those abilities. Finally, the ALJ relied on his own observations of Plaintiff's demeanor and testimony at the hearing and his conclusions

are entitled to great weight:

> "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones [v. Comm'r of Soc. Sec.*], 336 F.3d [469] at 476 [(6th Cir. 2003)]. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d [762] at 773 [(6th Cir. 2001)]. "Since the ALJ has the opportunity to observe the demeanor of the witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *see White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009).

*Townsend v. Comm'r of Soc. Sec.*, No. 10-cv-1065, 2012 WL 6628689, at * (W.D. Mich. Sept. 17, 2012).

In this case, the ALJ extensively discussed Plaintiff's subjective complaints and discussed his reasons for rejecting those complaints, based largely on her treating physician's assessment and on his own observations of her demeanor at the hearing. While the ALJ cannot rely solely on his own observations of Plaintiff's presentation at the hearing, he is free to disbelieve Plaintiff's subjective complaints in light of the medical evidence of record and "may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." *Williams v. Comm'r of Soc.* Sec., 93 F. App'x 34, 36-37 (6th Cir. 2004) (quoting *Moon v. Sullivan*, 923 F.2d 1175, 1183 (6th Cir. 1990)). Here, the ALJ found that Plaintiff's testimony claiming that she suffered from disabling symptoms was inconsistent with the objective medical evidence, as well as with Plaintiff's ability to conduct daily activities and with her personal demeanor at the hearing. Plaintiff has failed to demonstrate a compelling reason to disregard the ALJ's credibility findings. Accordingly, the

7

Court denies Plaintiff's objection and adopts the Magistrate Judge's recommendation to leave the ALJ's credibility determination undisturbed.

### 3. Plaintiff's Third Objection: The ALJ Erred in Evaluating the Medical Opinions

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's evaluation of the medical evidence was supported by substantial evidence. Plaintiff appears to argue in her Objections that in limiting Plaintiff's standing/sitting to "at her own discretion," Dr. Higginbotham also intended to limit to her discretion the amount that Plaintiff could lift/carry while standing/sitting. Plaintiff does not explain how she arrives at this conclusion and in fact this suggestion is expressly contradicted by Dr. Higginbotham's assessment. In response to the question whether Plaintiff's impairments would restrict her ability to lift/carry, Dr. Higginbotham checked an unqualified "No." (Tr. 694.) Plaintiff also relies in her Objections on her own testimony at the hearing in response to the ALJ's question whether she could lift a gallon of milk with one or both hands. (Tr. 46-47.) In fact, Plaintiff was equivocal about whether she might be able to carry two gallons of milk at the same time, although she didn't think so, and was uncertain whether the inability to do so would be related to her shoulder or her back or both. (*Id*.) The Court will not override the ALJ's judgment as to the interpretation and weight to be given this testimony.

Plaintiff also objects to the Magistrate Judge's conclusion that the ALJ properly declined to rely on the single-decision maker ("SDM") non-physician prepared report noting a ten pound lifting restriction, but it is clear that the ALJ was well within his discretion to do so. *See Hensley v. Comm'r of Soc. Sec.*, No. 10-cv-11960, 2011 WL 4406359, at *1 (E.D. Mich. Sept. 22, 2011) (finding error in ALJ's reliance on report of non-physician single decision maker). Dr. Higginbotham suggested no lift/carry limitation and the ALJ was within reason to rely more heavily

8

on Plaintiff's treating physician than on the SDM RFC suggesting a ten pound lift/carry limitation. (Tr. 510.)

The Magistrate Judge correctly concluded that the ALJ properly adopted the opinions of Plaintiff's treating physician and also properly found that the ALJ's determination that Plaintiff could perform light work with the restrictions noted in the RFC was supported by substantial evidence. Accordingly, the Court adopts the Magistrate Judge's recommendation to uphold the ALJ's treatment of the medical opinion evidence.

### IV.   CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's February 17, 2014 Report and Recommendation, DENIES Plaintiff's Objections, DENIES Plaintiff's Motion for Summary Judgment, GRANTS Defendant's Motion for Summary Judgment and AFFIRMS the decision of the Commissioner.

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2014

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 28, 2014.

s/Deborah Tofil  
Case Manager